Lisa M. Martens (SBN 195824)
Gregory M. Krakau (SBN 248607)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099
Attorneys for Plaintiff
INTEL CORPORATION

George Gottlieb, Esq.
GOTTLIEB, RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, New York 10016-0601

Attorneys for Defendant
INTELAGENTS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| INTEL CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INTELAGENTS, LLC, a Maryland limited liability company,<br><br>Defendant. | Case No. C 07-03650 EDL<br><br>**STIPULATED INJUNCTION** |

Plaintiff Intel Corporation ("Intel" or "Plaintiff") filed its Complaint against Defendant IntelAgents, LLC ("Defendant") on July 16, 2007. The Complaint asserted claims against Defendant for trademark infringement, trade name infringement, false designation of origin, unfair competition, cybersquatting, and trademark dilution under federal and California law.

Having consulted with counsel, Defendant now agrees to this Stipulated Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree therein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as the claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367. This Court has personal jurisdiction over the parties hereto. Venue is proper in this District under 28 U.S.C. §1391.

2. Intel is the owner of the entire right, title and interest in and to the trademark and trade name INTEL and numerous INTEL-based trademarks and trade names in connection with the manufacture, promotion and sale of a wide range of computer, communications, educational, and consumer electronics products and services, including but not limited to U.S. Trademark Registration Nos. 914,978; 938,772; 939,641; 1,022,563; 1,573,324; 1,723,243; 1,725,692; 2,171,778; 2,194,121; 2,251,962; 2,251,961; 2,250,491; 2,254,525; 2,261,531; 2,276,580; 2,446,693; 2,462,327; 2,585,551; 2,742,174; 3,029,954; 3,136,102; and 3,173,391 (collectively the "INTEL Marks"). Intel's federal registrations are valid, enforceable, and subsisting. Plaintiff's INTEL Marks are famous, valid and enforceable.

3. Long after Intel commenced use of the INTEL Marks, Defendant began using the trademark, trade name, and/or corporate name INTELAGENTS in connection with the offering and performance of professional investigative and consulting services in this judicial district. Defendant also registered the domain name <http://www.intelagents.net> and used the domain to market its professional investigative and consulting services.

4. Defendant acknowledges that a trier of fact may determine that its use of the name and mark INTELAGENTS and/or the domain name <http://www.intelagents.net> constitutes trademark infringement, trade name infringement, false designation of origin, unfair competition,

cybersquatting, and/or trademark dilution under federal and California law, in violation of Intel's rights in the INTEL Marks and the above-identified registrations. Without admitting any liability or infringement, but in an effort in good faith to resolve this dispute, Defendant has agreed to cease all use of the name and mark INTELAGENTS, as well as the domain name <http://www.intelagents.net> on or prior to February 15, 2008.

5. As of February 15, 2008, Defendant and its officers, directors, owners, agents, servants, representatives, employees, assigns and successors, and all persons in active concert or participation with Defendant, shall be and are hereby permanently enjoined and restrained from all of the following:

    a. Doing business under the name "IntelAgents, LLC," or any other name containing a word that is phonetically equivalent or confusingly similar to the word "INTEL";

    b. Using in any manner the INTEL mark, or any other name, mark or domain name that wholly incorporates the INTEL mark or is confusingly similar to or a colorable imitation of this mark, including without limitation the INTELAGENTS name and mark, alone or in combination with other words or designs, as a trademark, trade name component, domain name or otherwise, to market, advertise, or identify products and services not produced or authorized by Intel;

    c. Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or prospective customers of Intel's products, as to the source of the products or services offered, distributed or sold by Defendant, or likely to deceive members of the public or prospective customers into believing that there is some connection between Defendant and Intel;

    d. Otherwise infringing Plaintiff's INTEL Marks;

    e. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's INTEL Marks;

    f. Renewing or obtaining any telephone directory listings, telephone directory advertisements, or Internet listings or websites or domain names that incorporate the word "INTEL," or any other word that is phonetically equivalent or confusingly similar to the word "INTEL";

    g. Answering the telephone by using the name "INTELAGENTS," or any other name that is phonetically equivalent or confusingly similar to the word "INTEL";

    h. Committing any other act or making any other statement that infringes Intel's trademarks or constitutes an act of trademark infringement or trademark dilution under federal law, state law, or common law by using the words INTEL," "INTELL," or any other word that is phonetically equivalent or confusingly similar to the word "INTEL"; and

    i. Committing any acts that will tarnish, blur or dilute, or have the tendency to tarnish, blur or dilute, the distinctive quality of the famous INTEL mark

  6. Defendant represents and warrants that it will, pursuant to 15 U.S.C. § 1118, deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, literature, materials, receptacles and any other matter in the possession, custody, or under the control of Defendant or its agents or distributors bearing the INTEL mark in any form or manner whatsoever, or any mark that is confusingly similar to or a colorable imitation of the INTEL mark (including, without limitation, the INTELAGENTS mark and trade name and the <http://www.intelagents.net> domain name), both alone and in combination with other words or terms, and all plates, molds, matrices, and other means of making the same, on or prior to February 28, 2008.

7.    Defendant, pursuant to section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), shall file with this Court and serve upon Intel on or prior to February 28, 2008, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of this Order and implemented adequate and effective means to either discontinue doing business and/or discontinue offering or selling goods or services bearing the INTELAGENTS mark and trade name and the <http://www.intelagents.net> domain name. In the event that Defendant fails to file such a report with the Court on or prior to February 28, 2008, Intel agrees to provide written notice to Defendant that it is in violation of this Stipulated Injunction. If Defendant fails to cure the violation and file and serve the report described herein within ten (10) days of receiving such notice (time being of the essence), Intel may notify the court, and Defendant shall be liable for and pay to Intel its reasonable attorneys' fees in connection with the enforcement by the Court of this Stipulated Injunction.

8.    Each party shall pay its own attorneys' fees and costs that have accrued on or before the execution of this Stipulated Injunction. Intel waives its right to recover its lost profits and/or damages, but only if Defendant does not materially breach the terms of this Stipulated Injunction.

9.    If Defendant breaches any term of this Stipulated Injunction, Defendant shall be liable for and pay to Intel its reasonable attorneys' fees in connection with any future enforcement by the Court of this Stipulated Injunction.

10.    This Court retains jurisdiction over this Stipulated Injunction and any applications with regard to enforcement of it shall be directed to this Court.

| | | |
|---|---|---|
| Dated: September 12, 2007 | | FISH & RICHARDSON P.C. |

By: /s/ Lisa M. Martens
    Lisa M. Martens
    Gregory M. Krakau
    Attorneys for Plaintiff
    INTEL CORPORATION

Dated: September 12, 2007          FISH & RICHARDSON P.C.

By: /s/ George Gottlieb
    George Gottlieb, Esq.
    Attorneys for Defendants
    INTELAGENTS, LLC,

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from George Gottlieb.

Dated: September 12, 2007          FISH & RICHARDSON P.C.

By: /s/ Lisa M. Martens
    Lisa M. Martens
    Gregory M. Krakau
    Attorneys for Plaintiff
    INTEL CORPORATION

SO ORDERED this 18th day of September 2007

*IT IS SO ORDERED*
*/s/ Elizabeth D. Laporte*
_____
Elizabeth D. Laporte, Magistrate Judge
United States District Court